OLD OAKS COUNTRY CLUB, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46222.)

Third Department, July 20, 1970.

*Bleakley, Platt, Schmidt, Hart & Fritz (Frederick J. Martin* of counsel), for respondent-appellant.

*Louis J. Lefkowitz, Attorney-General (Richard A. Foster* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

SWEENEY, J. This is an appeal by the State and cross appeal by the claimant from a judgment of the Court of Claims, entered September 10, 1969, awarding the sum of $450,100 to the claimant for direct and consequential damages for the appropriation of lands for highway purposes.

The parties agree, and the trial court found, that the best use of claimant's property both before and after the appropriation was a golf club. Both appraisers considered the property as a specialty, using a replacement cost less depreciation to determine the market value, and the court adopted that method. Prior to the appropriation the property owned by claimant consisted of 207 acres of land situate on the east and west sides of Purchase Street in the Town of Harrison, Westchester County, which was devoted to a 27-hole private membership golf club with club house facilities. We are concerned only with the parcel on the west side which contained 106 acres consisting of a nine-hole golf course covering some 67 acres of land, two holes of the 18-hole golf course, and all of the club house facilities, including parking, swimming pool and tennis courts. The taking involved 14.89 acres from this parcel. Claimant lost three holes of the nine-hole course, and the court concluded that to all intents and purposes claimant lost the use of the entire course. The court found the before value to be $1,762,145 and the after value $1,312,045. Direct damages were awarded in

the sum of $162,780, consisting of $74,450 for the 14.89 acres taken, $60,500 for the loss of golf improvements on the three holes appropriated and $27,830 for the septic system. Severance and consequential damages were awarded amounting to $287,320, comprised of $25,720 due to the landlocking of a 6.43-acre parcel, $89,500 for the loss of golf improvements on the remaining unusable holes of the nine-hole course, $119,600 as consequential reduction of the raw acreage value of the remaining acres on which the course was laid out, and $52,500 representing a 5% reduction value in the club house facilities, due to the loss of the nine-hole golf course. The State contends that there was nothing in the record to justify the court's reduction in raw acreage value of the remainder of 46 acres upon which the nine-hole course was constructed, since both appraisers gave the same unit value to this parcel before and after the taking. Most of the testimony on both sides related to the cost to cure aspect of reconstructing a course to replace the nine-hole course on the land remaining. The trial court disregarded this attempt to mitigate the damages as unacceptable, and found a $5,000 per acre before value and an after value of $2,400 per acre for this 46-acre parcel. We find that the trial court erroneously relied on a post-trial memorandum submitted by claimant in arriving at the after value of this parcel. There is nothing in the record to substantiate the finding of $119,600 for consequential damage to this remainder parcel, and it must be deducted from the award.

The State further contends that there was no evidence to support the award of $52,500, a sum representing 5% severance damages to the club house complex. Claimant, on the other hand, contends that the court should have assessed this damage at 15%. We conclude from the record that there was no proof of loss of membership or other probative evidence of damage to the club house (club house complex and other facilities) after the appropriation and, therefore, the award, in this respect, must be further reduced by $52,500.

The judgment should be modified, on the law and the facts, so as to reduce the award to $278,000 and appropriate interest and, as so modified, affirmed, without costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Judgment modified, on the law and the facts, so as to reduce the award to $278,000 and appropriate interest and, as so modified, affirmed, without costs.